**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                          **CRIMINAL NO. 3:04-CR-0085 HTW-JCS**
                                                 **CIVIL ACTION NO. 3:06-cv-173 HTW-JCS**

**LOUIS R. JONES**

**MEMORANDUM OPINION AND ORDER**

Defendant brings his motion under Title 28 U.S.C. § 2255,[1] asking this court to

vacate his sentence.  The defendant grounds his motion on three challenges:  that he

was sentenced improperly by this court when it imposed an upward departure from the

recommendations of the United States Sentencing Guidelines; that the court imposed

five years of supervised release; and that the court did not accept the prosecutor's

recommendation that the defendant be sentenced at a range within the lower 25% of

the Guideline range.  The defendant also asserts that he did not knowingly waive his

right to appeal and that his counsel provided ineffective assistance at his sentencing.

The defendant here, Louis Jones, entered a plea of guilty to one count of making

a false statement in a loan application in violation of Title 18 U.S.C. § 1014.[2]  This court

---

[1]Title 28 U.S.C. § 2255 provides in relevant part that, "[a] prisoner in custody under
sentence of a court established by Act of Congress claiming the right to be released upon the
ground that the sentence was imposed in violation of the Constitution or laws of the United
States, or that the court was without jurisdiction to impose such sentence, or that the sentence
was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,
may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2]Title 18 U.S.C. § 1014 provides in relevant part that, "[w]hoever knowingly makes any
false statement or report, or willfully overvalues any land, property or security, for the purpose
of influencing in any way the action of the ... Rural Development Administration or ... any
institution the accounts of which are insured by the Federal Deposit Insurance Corporation ...
upon any application, advance, discount, purchase, purchase agreement, repurchase
agreement, commitment, or loan ... shall be fined not more than $1,000,000 or imprisoned not
more than 30 years, or both."

thereafter then sentenced him to serve three years in the custody of the United States Bureau of Prisons.  Because this court is convinced that defendant's motion is utterly without merit, this court is not inclined to grant defendant's motion to vacate that sentence.

## THE SCOPE OF § 2255 RELIEF

In order for a federal prisoner to prevail on a motion to vacate, set aside, or correct his sentence under Title 28 U.S.C. § 2255, the prisoner must show one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979);  *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Relief requested under § 2255, "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981).

In the instant case, the defendant's petition does not raise any claim cognizable under the limited scope of relief available under Title 28 U.S.C. § 2255. The petition does not raise any claim of constitutional or jurisdictional dimension, nor any claim that the sentence was in excess of the maximum authorized by law.

## OVERVIEW OF PLEA COLLOQUY AND SENTENCING

The defendant here, Louis Jones, is an ordained minister.  He pastored a church outside Atlanta and was seen as a man of immense potential when he was haled to court on this criminal matter.  One needs to read the record to fully comprehend the

2

arrogance displayed by the defendant at sentencing.  Claiming to have earned a

doctorate degree (which he had not), he constantly ignored his counsel's entreaties to

hold his responses to various court-directed questions until defense counsel had the

opportunity to converse with him.  At one point, the court stated into the record that a

frustrated defense counsel had lain her head prostrate over the podium.  Each time

defense counsel would seek to halt her client's head-long rush into perjurious

quicksand, the defendant would brush defense counsel aside and continue a narration

which was filled with lies and half-truths.  The defendant lied about owning a valid

Master's Degree.  He lied about having earned a valid doctorate degree.  He lied about

his transferring bogus hours from one institution to another.  He lied about his past.  He

lied about his criminal record.  Apparently unremorseful about his crime, the defendant

preached a sermon to his congregation immediately before sentencing entitled "Up

Jumped the Devil."  The defendant even mailed a copy of the sermon to the court

wherein he describes himself as on God's mission until ambushed by the devil.  By his

sermon, one must conclude that the "devil" here was the United States Government.

The defendant's criminal past, offense conduct, and his seemingly unfathomable

capacity to attempt to deceive on any and every point persuaded this court that it simply

could not follow the sentencing guidelines.  Now, by this motion, the defendant

continues to litter court papers with his deceptive accusations.  The trial record clearly

negates all of defendant's assertions and would provide some amusement to readers

who enjoy the examination of lies under the sunlight of truth.

The court will now discuss each of defendant's challenges.

### KNOWING WAIVER OF RIGHT TO APPEAL

There is no constitutional right to appeal a criminal sentence.  *Jones v. Barnes*,

463 U.S. 745, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); see also *United States v. Melancon*, 972 F.2d 566, 567 (1992) ("The right to appeal is a statutory right, not a constitutional right.").

The defendant entered into a Memorandum of Understanding which expresses his agreement and understanding that he was waiving his right both to appeal and to file any § 2255 motions. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (waiver is knowing if defendant understood he had a right, and understood he was giving it up).

The defendant's sworn statements in open court show likewise and are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001); *Wilkes*, 20 F.3d at 653. For instance, the United States Court of Appeals for the Fifth Circuit affords great weight to a defendant's statements made during a plea colloquy. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). The statements made by the defendant when he entered his guilty plea clearly support a finding that his wavier was knowing and voluntary.

The following exchange between the court and the defendant regarding the Memorandum of Understanding established that the defendant's waiver was both knowing and voluntary:

> THE COURT: Mr. Jones, have you seen this document?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you read it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you understand it?
>
> THE DEFENDANT: I do, sir.

4

THE COURT: Is there anything about this document you would like to have clarified?

THE DEFENDANT: No, sir.

THE COURT: Do you understand that I am the one who will determine what the appropriate sentence is?

THE DEFENDANT: I do, sir.

THE COURT: And do you understand that in making that determination that I will look at the sentencing guidelines and determine the points which are appropriate here?

THE DEFENDANT: Yes, sir.

THE COURT: And do you further understand that even though you might have been given projections as to what the sentence or at least the guidelines might be, do you understand that those calculations submitted or projections may be wrong?

THE DEFENDANT: I do, sir.

THE COURT: Do you understand that I am not bound by any recommendations from the government?

THE DEFENDANT: Yes, sir.

THE COURT: Nor from your counsel?

THE DEFENDANT: Yes, sir.

THE COURT: and do you understand that I could ignore all recommendations and sentence you to the maximum provided by law?

THE DEFENDANT: Yes, sir.

THE COURT: Further, do you understand that ordinarily a defendant has

5

a right to appeal a sentence and conviction to the next higher court, and

do you understand that by this agreement that you are waiving that right?

THE DEFENDANT: Yes, sir.

THE COURT: Now, did you read each and every paragraph here?

THE DEFENDANT: Yes, sir.

THE COURT: The one that says the government will recommend that you

be sentenced to the lower 25 percent of the applicable guideline range, do

you understand what that means?

THE DEFENDANT: I do, sir.

THE COURT: And do you understand that I am not bound to accept that

recommendation?

THE DEFENDANT: Yes, sir.

*****

In *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424

(1977), the United States Supreme Court defined a waiver as "an intentional

relinquishment or abandonment of a known right or privilege."  This court finds the

defendant's waiver in this case to be valid, voluntary, knowing and intelligent.  No

habeas corpus relief may be granted on the ground that the defendant did not

knowingly waive his right to appeal.

**THE COURT'S APPLICATION OF THE SENTENCING GUIDELINES**

The defendant raises three grounds in his motion to vacate his sentence which

assert that this court improperly sentenced him when it imposed an upward departure

from the recommendations of the United States Sentencing Guidelines; when the court

imposed five years of supervised release; and when the court did not accept the

6

prosecutor's recommendation that the defendant be sentenced at a range within the lower 25% of the Guideline range.

A district court's technical application of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under Title 28 U.S.C. § 2255.  *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir. 1994);  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir.), *cert. denied*, 500 U.S. 924, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991).  Accordingly, the defendant's claim that this court erred in imposing five years supervised release, and in imposing an upward departure under the sentencing guidelines rather than accepting the government's recommendation  is not cognizable under § 2255.   No habeas corpus relief may be granted on these claims.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a claim of ineffective assistance of counsel, the defendant has to prove that counsel provided constitutionally ineffective assistance with respect to this court's sentence under the Guidelines.  The Sixth Amendment to the United States Constitution[3] guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.   To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668,

---

[3]The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, *and to have the assistance of counsel for his defense* (emphasis added)."

691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   With respect to the defendant's guilty

plea, the *Strickland* prejudice requirement "focuses on whether counsel's

constitutionally ineffective performance affected the outcome of the plea process."  *Hill*

*v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).   Thus, the

defendant "must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

The defendant entered an informed plea of guilty as is shown above in his Rule

11 colloquy.   This court personally addressed the defendant and asked questions to

determine whether he understood the provisions of his Memorandum of Under-

standing, the application of the sentencing guidelines, and that this court would make

the ultimate decision regarding the defendant's sentence.   The defendant has not

indicated even one non-frivolous issue that could have been raised by counsel's

objecting to the sentencing guidelines.   A counsel's failure to raise meritless objections

is not ineffective assistance of counsel.   *Clark v. Collins*, 19 F.3d 959, 964 (5th

Cir.1994).

Here the defendant is attempting to raise sentencing guidelines issues under the

guise of ineffective assistance of counsel claims.   He claims that this court's upward

departure was the fault of counsel.   Specifically, the defendant faults counsel for failing

to object and failing to question the basis for this court's departure; for failing to

question the defendant's character witnesses, and for allowing the defendant to explain

his background and education while failing to clarify what the defendant told the court.

All of these assertions relate to this court's ultimate application of the Sentencing

Guidelines.   The defendant presents no evidence that these alleged errors prejudiced

the defendant within the meaning of *Strickland*.  Conclusory allegations of ineffective

assistance of counsel simply do not raise a constitutional question in a federal habeas petition.  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000), *cert. denied*, 531 U.S. 849, 121 S.Ct. 122, 148 L.Ed.2d 77 (2000).   Counsel's performance enjoys a strong presumption of adequacy and is deficient only if it is objectively unreasonable.  *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).  The defendant's belief that counsel should have done more to influence how this court sentenced him simply raises no cognizable constitutional claim regarding counsel's assistance.

## EVIDENTIARY HEARING

A § 2255 petitioner is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Urrego*, 127 F.3d 35 (5th Cir. 1997).  When this court can review the record and conclude as a matter of law that a defendant cannot prove an element necessary to establish an ineffective assistance of counsel claim, then an evidentiary hearing is not necessary.  *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). This court finds no need for an evidentiary hearing in the instant case.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the United States Court of Appeals from a final order in a habeas corpus proceeding "unless a Circuit justice or judge issues a certificate of appealability."  Title 28 U.S.C. § 2253(c) (1)(A).  Even though the defendant has not yet filed a notice of appeal, this court nonetheless addresses whether he would be entitled to a Certificate of Appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to

determine whether the petitioner has made a substantial showing of a denial of a

constitutional right on the issues before that court. Further briefing and argument on the

very issues the court has just ruled on would be repetitious.").  A COA "may issue ...

only if the applicant has made a substantial showing of the denial of a constitutional

right."  Title 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires

an overview of the claims in the habeas petition and a general assessment of their

merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931

(2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529

U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  This standard requires a

§ 2255 movant to demonstrate that reasonable jurists could debate whether the motion

should have been resolved differently, or that the issues presented deserved

encouragement to proceed further.  *United States v. Jones*, 287 F.3d 325, 329 (5th

Cir.2002) (relying upon Slack, 529 U.S. at 483-84).

  This court concludes that reasonable jurists could not debate the denial of the

defendant's § 2255 motion on substantive grounds nor find that the issues presented

are adequate to deserve encouragement to proceed.  *Miller-El*, 537 U.S. at 327 (citing

*Slack*, 529 U.S. at 484). Accordingly, the defendant is not entitled to a COA as to his

claims.

  **SO ORDERED** this the 6th day of February, 2008.

       **s/ HENRY T. WINGATE**
       **CHIEF UNITED STATES DISTRICT JUDGE**


United States v. Jones, 3:04-cr-85WA
2255 Petition denied.

10